IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-CV-02640-DDD-NRN

WILLIAM JAMES CARTER,

      Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S DEPARTMENT;
SHERIFF JEFF SCHRADER; and
WELLPATH,

      Defendants.

## ORDER ADOPTING RECOMMENDATION AND DISMISSING CASE

*Pro se* Plaintiff Williams James Carter was an inmate housed at the Jefferson County Detention Facility. He brought this § 1983 suit against Defendants in August 2020. Plaintiff filed a First Amended Complaint, the operative complaint, on January 8, 2021. (Doc. 28.) Defendants then moved to dismiss (Docs. 33, 36), and the Court referred those motions to Magistrate Judge N. Reid Neureiter (Docs. 35, 37). It appears that, after those motions were filed, Plaintiff posted bond on March 25, 2021 and was released from confinement but has failed to update the Court with a new address. (Doc. 48 at pp. 1–2.) But prior to that apparent release, Judge Neureiter set a motions hearing for April 8, 2021, and Plaintiff failed to attend that hearing or contact Judge Neureiter's chambers ahead of time. (Doc. 39; Doc. 48 at p. 1.) Because Plaintiff failed to attend the telephonic motions hearing set for April 8, Judge Neureiter ordered Plaintiff to show cause why the case should not be dismissed on or before a May 11 telephonic hearing. (Doc. 44.) Plaintiff failed to attend that

- 1 -

hearing and still has not updated the Court with a new address or made any filings since the April 8 hearing. (*See* Doc. 47.) Judge Neureiter filed a recommendation to dismiss the case for failure to prosecute on May 12, 2021. (Doc. 48.) As of the date of this Order, no objections to Judge Neureiter's recommendation have been filed.

## LEGAL STANDARD

In the absence of a timely objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985)). Objections generally must be filed within fourteen days of entry of the magistrate judge's recommendation. Fed. R. Civ. P. 72(b). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But the court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *Pro se* parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

## DISCUSSION

Because Plaintiff has failed to update his contact information or respond to several court orders, Judge Neureiter has recommended dismissal pursuant to Federal Rules of Civil Procedure 41(b) and 16(f) and

Local Civil Rule 41.1 for failure to prosecute and failure to comply with court orders. (Doc. 48.)

In this matter, the Court has reviewed the unobjected-to recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Notes. Based on that review, the Court has concluded that the recommendation is a correct application of the facts and the law. Plaintiff has failed to update his contact information, making communication with him all-but impossible. He failed to respond to multiple orders by Judge Neureiter, including an order to show cause why the case should not be dismissed for failure to prosecute. Dismissal is therefore appropriate under the aforementioned rules.

## CONCLUSION

Judge Neureiter's Recommendation (Doc. 48) is ADOPTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with multiple court orders. Defendants' motions to dismiss (Docs. 33 and 36) are DENIED AS MOOT.

DATED: August 5, 2021

BY THE COURT:

Hon. Daniel D. Domenico